UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE THOMPSON, ) <br> a/k/a TERRENCE THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FLOYD BONNER and KIRK FIELDS, ) <br> ) <br> Defendants. ) <br> ) | No. 20-2658-JTF-atc |

**ORDER DISMISSING THE CASE;**
**CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;**
**NOTIFYING THOMPSON OF THE APPELLATE FILING FEE; AND**
**RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE**
**UNDER 28 U.S.C. § 1915(g)**

On August 28, 2020, Plaintiff Terrance Thompson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On September 1, 2020, the Court granted leave to proceed *in forma pauperis*. (ECF No. 4.) On May 10, 2021, the Court dismissed the complaint without prejudice for failure to state a claim to relief, denied injunctive relief, and granted leave to amend within twenty-one (21) days of the date of the May 10, 2022 Order. (*See* ECF No. 5 (the "Screening Order").)

Thompson's deadline to amend expired on Tuesday, June 1, 2021. Thompson failed to file an amended complaint in a timely manner, and he did not seek an extension of time to do so.

On June 4, 2021, the Court entered an Order To Show Cause, directing Thompson to show cause why the Court should not enter judgment. (ECF No. 6 (the "OTSC").) Thompson's deadline to respond to the OTSC expired on June 18, 2021. (*Id*. at PageID 46.) Thompson did not timely comply with the OTSC or sought an extension of time to do so. The Record indicates that

Thompson has failed to make any inquiry about the status of this case since filing his Complaint on August 28, 2020.

For these reasons, the Court DISMISSES the case with prejudice in its entirety for the reasons discussed in the Screening Order and in the OTSC. *See* Fed. R. Civ. P. 41(b). Judgment will be entered in accordance with those prior Orders.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal in this matter by Thompson would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Thompson nevertheless chooses to file a notice of appeal, Thompson must either (1) pay the entire $505 appellate filing fee or, if Thompson is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Thompson's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For § 1915(g) analysis of Thompson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike. *See* 28 U.S.C. § 1915(g); *see also Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021); ECF No. 5 at PageID 45 (recommending that a dismissal of the case for Thompson's failure to timely amend be treated as a strike pursuant to § 1915(g).)

IT IS SO ORDERED, this 22nd day of November, 2022.

      /s/ *John T. Fowlkes, Jr.*
      JOHN T. FOWLKES, JR.
      UNITED STATES DISTRICT JUDGE